UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYREE A. JENKINS,

    Petitioner,

v.                                      Case No. 8:25-cv-1214-WFJ-AAS

RICKY D. DIXON,

    Respondent.

_____/

## ORDER

Tyree A. Jenkins is a Florida prisoner serving a total sentence of life imprisonment for first-degree murder, armed robbery, and possession of a firearm by a felon. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time barred. (Doc. 13). Although afforded the opportunity, Mr. Jenkins has not responded to the motion. After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. As relevant here, the limitation period begins running on the later of "the date on which the

---

[1] In his petition, Mr. Jenkins notes that he is concurrently serving time for unrelated convictions from Pasco County. (Doc. 1 at 9). But the claims in the petition relate solely to his Hillsborough County convictions for first-degree murder, armed robbery, and possession of a firearm by a felon. (Doc. 1-1). Accordingly, the Court construes the petition as challenging only the Hillsborough County convictions.

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Jenkins's convictions were affirmed without a written opinion on May 23, 2012. (Doc. 15-2, Ex. 12). He subsequently filed a motion for a written opinion, which was denied on June 19, 2012. (*Id.*, Exs. 13, 14). The Court assumes in Mr. Jenkins's favor that the judgment became final 90 days later, on September 17, 2012, when the time to petition the United States Supreme Court for a writ of certiorari expired.[2] *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). With this generous assumption, the limitation period began to run the next day—September 18, 2012.

The limitation period ran uninterrupted until it expired one year later, on September 18, 2013. Mr. Jenkins did not file any tolling applications before that date. Instead, in May 2014, he moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 15-2, Ex. 15). By that time, however, the limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Mr. Jenkins's § 2254 petition—filed on May 10, 2025—is untimely by over a decade. (Doc. 1 at 1).

---

[2] District courts in the Eleventh Circuit "disagree on whether [a motion for a written opinion] delays the finality date of the conviction." *Ben-Israel v. Sec'y Dep't of Corr.*, No. 1:21-cv-150-AW-HTC, 2023 WL 2898684, at *1 (N.D. Fla. Feb. 10, 2023) (collecting cases), *adopted by* 2023 WL 2895734 (N.D. Fla. Apr. 11, 2023). The Court need not decide this issue because, even assuming Mr. Jenkins's convictions became final only upon the denial of his motion for a written opinion, his petition is still untimely.

As Respondent correctly points out, subsequent developments in the state postconviction proceedings do not render Mr. Jenkins's petition timely. (Doc. 13 at 10-13). In October 2022, the trial court granted relief on one of the ineffective-assistance claims in Mr. Jenkins's Rule 3.850 motion, vacating his convictions for first-degree murder and armed robbery. (Doc. 15-3, Ex. 22). In June 2024, the Second District Court of Appeal reversed and remanded "with instructions that [Mr. Jenkins's] convictions and sentences for first-degree murder and armed robbery be reinstated." *State v. Jenkins*, 391 So. 3d 510, 514 (Fla. 2d DCA 2024). Three months later, the trial court "direct[ed] the clerk to reinstate [Mr. Jenkins's] convictions and sentences . . . *nunc pro tunc* to July 23, 2010"—the date of the original judgment. (Doc. 15-4, Ex. 42). Because the convictions were reinstated "*nunc pro tunc*" to the date of the original judgment, the AEDPA statute of limitations did not restart upon their reinstatement. *See Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1341 (11th Cir. 2024) (holding that petitioner's "amended sentences did not restart the federal statute of limitations" because the "state court checked the *nunc pro tunc* box on [the] amended sentences"); *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1267 (11th Cir. 2020) ("[B]ecause the correction to the sentence was imposed *nunc pro tunc*, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244.").

Thus, Mr. Jenkins's petition is untimely. He does not argue that equitable tolling applies, nor does he invoke the actual-innocence exception. As a result, his petition must be dismissed as time barred.

Accordingly, it is **ORDERED** that:

1. Mr. Jenkins's petition (Doc. 1) is **DISMISSED as time barred**.

2. The **CLERK** is directed to enter judgment against Mr. Jenkins and to **CLOSE** this case.

3. Mr. Jenkins is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Jenkins must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Jenkins cannot satisfy the second prong of the *Slack* test. And because Mr. Jenkins is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on February 2, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE